**STATE of Vermont v. Daniel CHICOINE**

[580 A.2d 970]

No. 88-250

August 2, 1990. Defendant appeals his conviction of operating a motor vehicle on the highway while his license to operate was suspended, arguing that (1) the trial court failed to find his "last known address," and (2) the three suspension notices sent to the address he filed with the Commissioner of Motor Vehicles did not satisfy due process because the commissioner had received a communication from defendant's insurance carrier listing another address for defendant.

A person whose license has been suspended may not operate a motor vehicle on a public highway until the commissioner reinstates that right. 23 V.S.A. § 674. Constructive notice of a suspension is sufficient; as long as notice is sent by registered or certified mail to the last known address, the suspension is in full force and effect three days after the deposit of such notice in the mail, even absent actual notice. See 23 V.S.A. § 204; *Boutin v. Conway*, 153 Vt. 558, 564, 572 A.2d 905, 908-09 (1990); *State v. Cattanach*, 129 Vt. 57, 59-60, 271 A.2d 828, 829 (1970).

Defendant had a continuing duty to inform the commissioner of any change of address. 23 V.S.A. § 205. Accordingly, his last known address was the address he filed with the commissioner, not the address listed on an insurance form. Moreover, the court's inability to make a finding as to defendant's "current address" did not negate the fact that the commissioner followed the proper statutory procedure for notice of suspension.

*Affirmed.*